UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clifford T. Johnson,  Case No. 3:17-cv-00900

    Plaintiff

v.  MEMORANDUM OPINION
AND ORDER

Gary C. Mohr, et al.,

    Defendants

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Clifford T. Johnson filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Recreation ("ODRC") Director Gary C. Mohr, North Central Correctional Complex ("NCCC") Warden Neil Turner, NCCC Unit Manager Shelley Curry, and NCCC Rules Infraction Board ("RIB") Sergeant Alissa Rushing. In the Complaint, Plaintiff contends there was insufficient evidence to support the RIB's finding of guilt to conduct charges brought against him. He claims he was denied due process and seeks an order vacating the RIB's decision.

Plaintiff is currently an inmate in NCCC. He alleges that on November 2, 2015, Curry wrote a conduct report against him, charging him with breaking and entering, procuring or attempting to procure unauthorized drugs or to introduce unauthorized drugs into a correctional facility, and conspiracy to commit rules violations. The Complaint does not clearly describe the incident or

incidents giving rise to the charges. Plaintiff indicates inmates broke into a prison office through an opening for an air conditioner unit. He also indicates there were packages of drugs, tobacco, and cell phones "thrown over the fence behind Morrow AB." (Doc. No. 1 at 4). It is not clear whether these incidents were related.

Plaintiff disputes that there was sufficient evidence to support a finding of guilt. He states that a confidential informant provided the information used to bring the conduct charges. He indicates that another inmate confessed to breaking into the office, and there was no photographic evidence nor physical evidence that established his guilt. He states he asked to see the video footage of the office, but his request was denied. He asked for three inmates and two officers to be called as witnesses at the hearing but this request was also denied. He was found guilty of the charges and appealed this decision to the warden. Turner indicated to him that the charges would be reheard; however, the rehearing took place without him being present. He indicates his security classification was increased as a result of the finding of guilt, but he does not specify the other sanctions imposed. Plaintiff claims he was denied due process.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**ANALYSIS**

As an initial matter, Plaintiff fails to allege sufficient facts to state a claim for denial of due process against ODRC Director Gary C. Mohr, NCCC Warden Neil Turner, or NCCC Unit Manager Shelley Curry. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no allegations against Mohr in the body of the Complaint. The only allegation against Turner is that he considered Plaintiff's appeal of his disciplinary conduct charges, and ordered a rehearing. Plaintiff alleges Curry wrote the conduct report against him. No other allegations in the pleading appear to pertain to her. Plaintiff has not stated a plausible claim against these Defendants.

Furthermore, even if Curry was mistaken in accusing Plaintiff of a rules infraction, the Fourteenth Amendment does not guarantee that only the guilty will be charged. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979). The only question presented is whether she denied Plaintiff due process. Plaintiff does not allege facts suggesting she participated directly in the hearing process.

3

Finally, this court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process before a prisoner is deprived of good time credit. The standard is not a difficult one to meet.

To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, Plaintiff provides very little information about the disciplinary hearing and the result. He has not indicated that loss of good time credit was part of his sanction. He does not allege Rushing failed to provide adequate notice of the charges or the hearing. He provides very little

4

information about the hearing or the rehearing. He indicates that the charges against him were based on information and testimony provided by a confidential informant. That is some evidence of guilt. Without additional allegations, there is no suggestion Plaintiff was denied due process.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge